### J. Mark Robinson, Inc. v. Rado

*David C. Dickson,* for plaintiff.

*John Arnold Crisman,* for defendant.

### OPINION AND ORDER OF COURT

KREISHER, P. J., March 15, 1972.—The above-captioned action was instituted December 3, 1969, by the filing of a complaint in assumpsit before a justice of the peace in the amount of $144.27. A hearing was scheduled for December 9th, but defendant failed to appear, so judgment was entered against him for the full amount of the claim.

On December 15th, defendant filed an affidavit of appeal with bond in the amount of $320. and on December 23rd the prothonotary received and filed the transcript of the justice and defendant's appeal with bond.

On September 10, 1970, counsel for defendant filed a praecipe and rule in compliance with Local Rule Three directing plaintiff to file a complaint within 20 days or suffer entry of judgment in favor of defendant.

On September 22, 1970, plaintiff's counsel filed a petition to have the appeal stricken and judgment entered in favor of plaintiff.

On October 13th, counsel for defendant filed an answer to said petition, alleging the rule was waived since plaintiff failed to notify defendant to comply with said rule and no default judgment should be entered since defendant complied with the rule prior to the date of the filing of said petition.

Counsel have now argued their respective positions and the matter is before us for disposition.

The Practice Act of May 14, 1915, P. L. 483, as amended, 12 PS §411, etc., applied to practice and procedure in civil actions generally. Section 23 of said act,

12 PS §493, provided for local rules which were deemed advisable. In 1937, the legislature abolished the Practice Act and provided for the promulgation of Civil Procedural Rules by the Pennsylvania Supreme Court: Act of June 21, 1937, P. L. 982.

Pennsylvania Rules of Civil Procedure 1451-1462 list the Acts of Assembly suspended by said rules. Rule 1452 deals with the action of assumpsit and it is provided therein that said section 23 relating to local rules is suspended absolutely insofar as it relates to practice and procedure; therefore, the local Rule Three above referred to is likewise suspended absolutely.

In 1968, the legislature enacted the Minor Judiciary Court Appeals Act which became effective January 1, 1969, Act of December 2, 1968 (No. 359), 42 PS §3001.

Section 5 of said act deals with civil proceedings. 42 PS §3005, subsection (a) gives the right to appeal to the Court of Common Pleas of the judicial district in which the minor judiciary court is held by any party adversely affected by such action.

Subsection (b) provides:

"The appeal shall be taken within twenty days of said action by filing with the prothonotary of the common pleas court, a notice of appeal which shall be sworn to and (i) if the plaintiff before the minor judiciary court is the appellant, shall be in the form of a complaint or (ii) if the defendant before the minor judiciary court is the appellant, shall consist of a praecipe requesting the prothonotary to enter a rule upon the plaintiff to file a complaint within twenty days or suffer entry of a judgment of non pros."

The foregoing act was in effect for almost one year when the above-outlined appeal was filed with the prothonotary; therefore, we must decide whether or not the procedure followed in this case meets the requirements of said act.

Strictly and technically speaking, the affidavit of appeal and bond filed by defendant well within the 20-day limit is not, in the true sense, a praecipe as suggested by the act. However, it does comply with prior practice and was the procedure adopted by the justice rather than defendant, who at the time was not represented by counsel.

The justice of the peace was not learned in the law, and the new appeals act was not well publicized during the year 1969. Even members of the legal profession were slow to familiarize themselves with the new procedure, especially in summary proceedings cases, so how can we criticize the justice or penalize defendant and deprive him of his day in court?

The modern trend in the promulgation of the new rules of civil procedure is the abolition of the old technical niceties that were so often resorted to for the purpose of delay or defeat of just claims. Courts are becoming more lenient in matters of practice and procedure, and more strict in defining the issue involved and having it promptly resolved in a court of law.

Under the particular facts of this case, we conclude defendant substantially complied with the new procedure and that defendant should not be denied his day in court by reason of an inadvertent error made by a member of the minor judiciary.

## ORDER OF COURT

And now, to wit, March 15, 1971, it is ordered and decreed that the prayer of the petition filed on behalf of plaintiff to strike off the appeal and enter judgment in plaintiff's favor be and the same is hereby denied. Exception noted. It is further ordered plaintiff shall be allowed 20 days from the date of this order to file a complaint in assumpsit. Exception noted.